**Darlene M. BROUGHTON, Plaintiff–Appellant,**

v.

**MERIT SYSTEMS PROTECTION BOARD, OPM; DOL–14 Sea Worker'S Compensation; DOL–12 Den Worker'S Compensation; Department of**

**Veteran Affairs; DVA–Seattle, WA, VA Medical Center; DVA–Denver, CO, VA Medical Center, Defendants–Appellees.**

No. 16–1089.

United States Court of Appeals, Tenth Circuit.

May 5, 2016.

Darlene M. Broughton, Fountain, CO, pro se.

Before BRISCOE, GORSUCH, and McHUGH, Circuit Judges.

### ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Darlene Broughton, formerly an employee of the Department of Veteran Affairs in Seattle and Denver, appeals the district court's order dismissing her complaint without prejudice for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. This after Ms. Broughton was given (and took) the opportunity to amend her complaint in effort to comply with Rule 8's demands. Even so amended, the district court found the complaint "unintelligible," observing that it failed to adequately assert the basis for the court's jurisdiction, to provide a short and plain statement of her claims, to identify which claims were asserted against which defendants, or to allege specific facts as to how any specific federal law was violated. D. Ct. Op. at 3–4. We review its order for abuse of discretion. *Nasious v. Two Unknown B.I.C.E.*

---

**3.** Appellee Castle, Meinhold & Stawiarski, LLC's Motion to Dismiss is denied as untimely.

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

*Agents,* 492 F.3d 1158, 1161 (10th Cir. 2007).

To be sure, Ms. Broughton tries (again) to provide greater detail in her briefing on appeal. But the district court dismissed and we review her amended complaint—a complaint filed with the benefit of an order identifying all of the same deficiencies that led to its dismissal. And even reviewing Ms. Broughton's amended complaint with the liberality due pro se litigants, we cannot say that the district court erred, much less that it abused its discretion. Indeed, we would willingly adopt the district court's dismissal order as our own.

The district court's order is affirmed and this appeal is dismissed. Ms. Broughton's motion for leave to proceed *in forma pauperis* is denied. She is reminded of her obligation to pay the filing fee in full.